UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALAN KREILEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01770-SEB-MJD |
| | ) | |
| AYRES, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Alan Kreilein, an inmate at the Correctional Industrial Facility ("CIF"), brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendant Nurse Ayres failed to treat his injured shin in violation of his Eighth Amendment rights. Nurse Ayres moves for summary judgment on this claim. Mr. Kreilein has not responded and the time to do so has passed. For the following reasons, the motion for summary judgment is granted.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially result in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

Mr. Kreilein did not respond to the motion for summary judgment. Accordingly, the facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-86 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). This does not alter the summary judgment standard, but it does "[r]educ[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

Mr. Kreilein is and has been incarcerated at CIF during all times relevant to this case. Dkt. 55-7, p. 23-24. Nurse Ayres held the title of Registered Nurse at CIF during the time relevant to Mr. Kreilein's claims. Dkt. 55-1, ¶ 1.

At various points during his incarceration since January 2016 Mr. Kreilein has been provided a bottom bunk pass. Dkt. 55-7, p 34-35. He believes that his weight is the primary factor in receiving such a pass. *Id.*, p. 35.

Mr. Kreilein visited Nurse Carolyn Berry at approximately 7:30 a.m. on January 12, 2018. Dkt. 55-2. During this visit, Mr. Kreilein asked about replacement arch supports, claiming that his had been stolen. *Id.* Mr. Kreilein's inquiry was referred to the provider. *Id.*

Mr. Kreilein returned to medical at approximately 8:20 p.m. that night, where he was seen by Nurse Ayres. Dkt. 55-3. Mr. Kreilein had fallen out of his bunk and "cut [his] shin to the bone." Dkt. 55-7, p. 41. On his Request for Health Care form ("RFHC"), Mr. Kreilein indicated that he hurt all over, but made no specific reference to his shin. Dkt. 55-4. He walked unassisted to the medical unit. Dkt. 55-7, p. 40. During this visit, he showed Nurse Ayres his injury. *Id.*, p. 42. She took Mr. Kreilein's vitals including his temperature, heart rate, respiration, and blood pressure. Dkt. 55-3. Aside from having a slightly elevated blood pressure—for which he was taking medication—Mr. Kreilein's vitals were normal. Dkt. 55-1, ¶ 6. Mr. Kreilein specifically requested a lay-in. *Id.*, ¶ 7. Nurse Ayres informed him that he did not qualify for a lay-in due to his normal vital sign results. *Id.*

Next, Mr. Kreilein began to talk to Nurse Ayres about the encounter earlier in the day with Nurse Berry. *Id.*, ¶ 8. He asked about the status of his bottom bunk pass. *Id.* Nurse Ayres looked into his medical records and relayed to him that medical staff determined that he did not qualify

3

for a bottom bunk pass. *Id.* Upon hearing this information, Mr. Kreilein became very agitated, storming out of the examination area while yelling expletives and stating this would be "lawsuit no. 33." *Id.*; dkt. 55-7 p. 26-27 (stating that he walked out of the exam room). From the waiting area, Mr. Kreilein again asked Nurse Ayres is he was going to receive a lay-in and again Nurse Ayres informed him that he did not qualify. *Id.*, ¶ 8. Nurse Ayres could not treat Mr. Kreilein further because he left the room. *Id.*, ¶ 10.

Officer Mays overheard Mr. Kreilein's yelling and issued a conduct report to him for threatening. Dkt. 55-5, p. 3. Nurse Ayres was asked to provide a statement regarding this conduct report, and she did so. *Id.*, p. 2. Mr. Kreilein was found guilty of threatening staff. *Id.*, p. 1.

Mr. Kreilein was next seen by Nurse Berry on January 16, 2018. Dkt. 55-6. During this encounter, he allowed Nurse Berry to assess his shin abrasion and clean the wound. *Id.* Nurse Berry provided Tylenol for Mr. Kreilein's reports of pain and further provided antibiotics. *Id.* He was advised to clean his shin with soap and water. Dkt. 55-7, p. 47. January 16, 2018, was the last time Mr. Kreilein requested or received medical care for his shin abrasion. *Id.*, p. 47-48.

### III. Discussion

Nurse Ayres seeks summary judgment on Mr. Kreilein's claims. Because he was a convicted inmate at the time giving rise to these claims, Mr. Kreilein's treatment is evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To prevail on an Eighth Amendment claim based on deliberate indifference to serious medical needs, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the

plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). "[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)).

Nurse Ayres argues that she is entitled to summary judgment because he did not present with an objectively serious medical condition and because she was not deliberately indifferent to that condition. Because Mr. Kreilein's contention that his shin was cut "to the bone" and later became infected could lead a reasonable jury to conclude that Mr. Kreilein did suffer from an objectively serious medical condition, Nurse Ayres is not entitled to summary judgment on this basis.

To establish that Nurse Ayres was deliberately indifferent to his condition, Mr. Kreilein must show that she was aware of a serious risk to his health and disregarded it. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). It is undisputed that Nurse Ayres observed Mr. Kreilein walk unassisted into the exam room, took his vitals, and answered his questions regarding a bottom bunk pass and lay-in. Mr. Kreilein left the exam room before his sick call visit had concluded. Because he left before the visit concluded, he cannot show that Nurse Ayres intentionally failed to treat his injury and thus cannot show that she was deliberately indifferent to his medical needs. *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) (because the plaintiff refused to take a reasonably requested confirmatory test that would have led to appropriate treatment, he cannot make a deliberate indifference claim); *Williams v.*

5

*Swenson*, 747 F. App'x 432, 434 (7th Cir. 2019) (plaintiff who refused to be examined failed to establish deliberate indifference). Nurse Ayres is therefore entitled to summary judgment.

### IV. Conclusion

For the foregoing reasons, Nurse Ayres's motion for summary judgment, dkt. [53], is **granted**. The **clerk shall update** the docket to reflect that the defendant's name is spelled Ayres. Final judgment consistent with this ruling shall now issue.

**IT IS SO ORDERED.**

Date: 2/12/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALAN KREILEIN
871626
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel